UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01756-FWS-JDE Date: December 5, 2025

Title: Marlen Garas v. Kristi Noem *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Damian Velazquez for Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [11]**

In this case, Plaintiff Marlen Garas alleges claims against Defendant Kristi Noem, Secretary of the Department of Homeland Security, Defendant Joseph B. Edlow, Director of the United States Citizenship and Immigration Services ("USCIS"), and Defendant David M. Radel, Director of the Los Angeles Asylum Office (collectively, "Defendants") related to allegedly unreasonable delay in processing Plaintiff's asylum application. (*See generally* Dkt. 1 ("Complaint" or "Compl.") ¶¶ 21-27.) Before the court is Defendants' Motion to Dismiss. (Dkt. 11 ("Motion" or "Mot.").) Plaintiff opposes the Motion. (Dkt. 13 ("Opp.").) Defendants filed a reply in support of the Motion. (Dkt. 14.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for December 11, 2025, is **VACATED** and off calendar.[1] Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**.

[1] The court is in receipt of "Defendants' Request for Permission for Counsel to Appear Remotely for the Hearing on Defendants' [Motion]." (Dkt. 15 ("Request").) Because the court vacated the hearing, the Request is **DENIED AS MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01756-FWS-JDE Date: December 5, 2025
Title: Marlen Garas v. Kristi Noem *et al.*

## I. Summary of the Complaint's Allegations[2]

Plaintiff is a citizen of Egypt and filed for asylum, within the statutorily required one year of entry, on October 21, 2020. (Compl. ¶¶ 4-5.) The USCIS has fingerprinted and photographed Plaintiff as part of her asylum application, and Plaintiff has made several attempts to schedule an interview with Defendants. (*Id.* ¶¶ 6-7.) However, the Los Angeles Asylum Office has not scheduled an interview with Plaintiff in the past five years. (*Id.* ¶ 2.) Plaintiff is seeking to compel the Los Angeles Asylum Office to interview and adjudicate Plaintiff's asylum application. (*Id.* ¶ 9.) "Defendants are responsible for the adjudication, grant and denial of I-589 applications of those seeking asylum, including Plaintiff, pursuant to 8 U.S.C. § 1103, § 1258." (*Id.* ¶ 13.)

Plaintiff alleges claims against Defendants for (1) non-statutory action for non-monetary relief, (2) violation of the Administrative Procedure Act ("APA"), (3) violation of due process, (4) petition for writ of mandamus ("Mandamus"), and (5) violation of the Equal Access to Justice Act.[3] (*See generally id.* ¶¶ 28-44.)

## II. Legal Standard

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). To withstand a motion to dismiss brought under Rule

[2] For purposes of the Motion, the court "accept[s] factual allegations in the [C]omplaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

[3] The court notes that the alleged claim for non-statutory action for non-monetary relief does not appear to allege its own legal claim, relying on other alleged claims. The court further notes that the Equal Access to Justice Act authorizes awards to the "prevailing party." 28 U.S.C. § 2412.

12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

## III. Analysis

The court analyzes Plaintiff's (1) APA claim, (2) Mandamus claim, and (3) due process claim.

### A. APA Claim

To determine whether an agency's delay is unreasonable, the court considers the six "*TRAC*" factors. *In re A Cmty. Voice*, 878 F.3d 779, 783-84 (9th Cir. 2017) (citing *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997)); *see also Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) ("*TRAC*"). The *TRAC* factors include:

> (1) the time agencies take to make decisions must be governed by a "rule of reason[";]
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
> (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022).

Defendants move to dismiss Plaintiff's claims, arguing that Plaintiff fails to adequately allege unreasonably delay. (Mot. at 15-22.) Plaintiff argues that the *TRAC* analysis is fact intensive and should not be resolved at the pleading stage. (Opp. at 10-11.)

"There is no categorical prohibition on deciding unreasonable-delay claims at the motion-to-dismiss stage," and "the question of whether discovery is necessary depends, as with any sort of claim, on the particular [c]omplaint." *Da Costa v. Immigr. Inv. Program Off.*, 643 F. Supp. 3d 1, 12 (D.D.C. 2022), *aff'd*, 80 F.4th 330 (D.C. Cir. 2023). In this case, the court finds weighing the *TRAC* factors at this stage of the proceedings is appropriate because Plaintiff alleges sufficient facts to evaluate their unreasonable-delay claims. *See, e.g.*, *id.* 80 F.4th at 338-40 (affirming dismissal of lawsuits alleging that decisions on visa-related petitions had been issued after approximately four years under Rule 12(b)(6)); *Baizakova v. Jaddou*, 2024 WL 3063227, at *2, 4-7 (C.D. Cal. June 14, 2024) (concluding that evaluating the *TRAC* factors is appropriate at the pleading stage where plaintiff argues defendant unreasonably delayed the adjudication of her asylum application, which had been pending for approximately four years, by not scheduling her for an interview).

### 1. Factors 1 and 2: Rule of Reason and Congressional Timetable

"The most important [*TRAC* factor] is the first factor, the 'rule of reason,' though it, like the others, is not itself determinative." *In re A Cmty. Voice*, 878 F.3d at 786. "This factor requires that the time it takes for the agency to act is governed by a rule of reason." *Denisov v. Mayorkas*, 2024 WL 3522047, at *5 (N.D. Cal. July 23, 2024) (internal quotation marks and citation omitted). The second *TRAC* factor indicates that "where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for [the] rule of reason." *TRAC*, 750 F.2d at 80. "8 U.S.C. § 1158(5)(A) contains a statutory timetable for the adjudication of asylum applications, which states that the initial interview 'shall commence not later than 45 days after the application is filed,' and the 'final administrative adjudication . . . shall be completed within 180 days.'" *Litovchenko v. United States Citizenship & Immigr. Servs.*, 2025 WL 1914905, at *3 (C.D. Cal. May 22, 2025) (quoting 8 U.S.C. § 1158(5)(A)). However, courts "have found that such 'timing requirements are not mandatory' and do not 'outweigh the rule of reason which supports the USCIS policies which have caused the challenged delays.'" *Denisov*, 2024

WL 3522047, at *6 (quoting *Varol v. Radel*, 420 F. Supp. 3d 1089, 1097 (S.D. Cal. 2019)). Moreover, "Congress also indicated that USCIS retains limited discretion as to the timing of the adjudication of asylum applications under exceptional circumstances." *Fang Yan v. Dir. of Los Angeles Asylum Off. for the United States Citizenship & Immigr. Servs.*, 2023 WL 4053410, at *4 (C.D. Cal. June 16, 2023) (citing 8 U.S.C. § 1158(d)(5)(A)).

The court finds that the delay is not unreasonable and that it is consistent with a rule of reason. Plaintiff alleges a length of delay of approximately five years because Plaintiff's application was filed on October 21, 2020, and this case was filed on August 10, 2025. (Compl. ¶ 2.) The court finds the alleged delay in processing Plaintiff's asylum application is not unreasonable. *See Teymouri v. U.S. Citizenship & Immigr. Servs.*, 2022 WL 18717560, at *4 (C.D. Cal. Jan. 31, 2022) ("Moreover, while [p]laintiff's application has been pending for over five years, courts have found similar delays to be reasonable."); *Kazantceva v. Jaddou*, 2025 WL 1537647, at *3 (C.D. Cal. May 28, 2025) (agreeing with other courts in this district that "a four-and-a-half-year delay is not unreasonable" to adjudicate an asylum application); *Litovchenko*, 2025 WL 1914905, at *3 (finding the length of delay was not unreasonable where "[p]laintiff's asylum application had been pending for roughly four and a half years when she filed suit, and about five years as of this Order"). Plaintiff also alleges that Defendants have "fail[ed] to provide a reasonable and just framework" to adjudicate asylum applications. (Compl. ¶ 34.) Defendants argue that the USCIS's last-in-first-out ("LIFO") scheduling system, addressing the delay in scheduling interviews and adjudicating asylum applications, provides a rule of reason. [4] (Mot. at16.) The court agrees. The court finds that LIFO is a rule

[4] The court takes judicial notice of the Affirmative Asylum Interview Scheduling located on the USCIS website, which outlines the USCIS's system for scheduling asylum interviews, including the use of LIFO. *See* Affirmative Asylum Interview Scheduling, USCIS, https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-scheduling. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." (internal quotation marks and citation omitted)); *see also, e.g.*, *Vasiunkina v. United States Citizenship & Immigr. Servs.*, 2025 WL 1194497, at *4 n.3 (C.D.

of reason. *See Baizakova*, 2024 WL 3063227, at *5 ("[C]ourts have consistently found that [LIFO] used by the USCIS is a rule of reason.") (collecting cases); *Denisov*, 2024 WL 3522047, at *5 (same) (collecting cases). Accordingly, the court concludes the first and second *TRAC* factors favor Defendants.

### 2. Factors 3 and 5: Health and Human Welfare

"The third and fifth factors require the [c]ourt to assess whether human health and welfare are at stake and whether the nature and extent of those interests are prejudiced by the delay." *Ghalambor v. Blinken*, 2024 WL 653377, at *6 (C.D. Cal. Feb. 1, 2024). Courts typically consider these factors together. *See, e.g.*, *Wang v. Jaddou*, 2024 WL 5707761, at *4 (C.D. Cal. Oct. 16, 2024); *Fang Yan*, 2023 WL 4053410, at *5; *Chen v. Radel*, 2016 WL 11002594, at *4 (C.D. Cal. Nov. 21, 2016).

The court finds Plaintiff fails to tip the third and fifth *TRAC* factors in her favor. Although Plaintiff argues that the delay creates instability and impedes her ability to plan for her family, work, and safety, (Opp. at 13), Plaintiff alleges no facts to support her argument nor does she allege facts regarding human health and welfare, (*see generally* Compl.). Moreover, as Defendants point out, Plaintiff may seek employment authorization and remain in the United States. (Opp. at 18-19.); *see Fang Yan*, 2023 WL 4053410, at *5 ("[Plaintiff] can legally live and work in the United States pending adjudication of her application."); *see also Yakhontova v. Barr*, 2020 WL 4355299, at *3 (C.D. Cal. Apr. 14, 2020) ("While the court is sympathetic to the mental distress caused by the uncertainty in plaintiffs' immigration status, plaintiffs are at least able to continue living in the United States while they wait for their application to be adjudicated, and they are authorized to find employment to support themselves."); *Mehrnoosh E. v. US Citizenship & Immigr. Servs.*, 2024 WL 1136132, at *5 (C.D. Cal. Jan. 16, 2024) ("In fact, [p]laintiff's health and welfare are arguably more at stake upon prompt adjudication as, at best, [p]laintiff will be granted asylum and, at worst, the [a]pplication will be denied and [p]laintiff will be required to return to Iran and risk the same persecution that led her to seek asylum in the first place."). Put differently, "there are no [allegations] of harm or prejudice to

---

Cal. Feb. 13, 2025) (taking judicial notice of the Affirmative Asylum Interview Scheduling on the USCIS website).

Plaintiff other than the passage of additional time, an aspect all asylum applicants in similar situation face" based on this record. *Teymouri*, 2022 WL 18717560, at *4. Accordingly, the court concludes the third and fifth *TRAC* factors favor Defendants.

### 3. Factor 4: The Effect of Expediting Relief

"The fourth TRAC factor—the effect of granting relief on the agency's competing priorities—carries significant weight." *Baizakova*, 2024 WL 3063227, at *6 (citing *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100). Courts have "refused to grant relief, even though all the other factors considered in *TRAC* favored it, where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." *Mashpee Wampanoag Tribal Council*, 336 F.3d at 1100 (citation modified); *Liuqing Zhu v. Cissna*, 2019 WL 3064458, at *5 (C.D. Cal. Apr. 22, 2019) (same).

"As several courts have held, granting Plaintiff the relief [s]he seeks would allow h[er] to jump the line past other applicants simply because [s]he has the resources to hire an attorney and file a case in federal court." *Yilmaz v. Jaddou*, 697 F. Supp. 3d 951, 961 (C.D. Cal. 2023) (collecting cases). Moreover, "USCIS faces competing priorities, such as adjudicating the petitions that were filed before [Plaintiff's] and those that require expedited review due to exigent circumstances." *Fang Yan*, 2023 WL 4053410, at *5; *see also Yilmaz*, 697 F. Supp. 3d at 962 ("[O]ne group of applicants would be sufficiently resourced or legally savvy to petition the [c]ourt to demand USCIS to adjudicate their application outside of the LIFO system. As USCIS works through its 'regular' applications, these well-resourced or legally savvy plaintiffs would be continuously interrupting USCIS' work with court orders to put them at the front of the line."). Accordingly, the court concludes the fourth *TRAC* factor strongly favors Defendants.

### 4. Factor 6: Impropriety

The sixth factor requires that the court consider any allegations of impropriety. "[T]his factor does not concern the length or nature of the delay, but whether the reason behind the delay is improper." *Aminzadeh v. Blinken*, 2024 WL 3811153, at *8 (C.D. Cal. Aug. 9, 2024).

"In absence of any allegations of impropriety, the sixth *TRAC* factor typically is either neutral or weighs in the government's favor." *R. v. U.S. Citizenship & Immigr. Servs.*, 2023 WL 9197564, at *5 (C.D. Cal. Dec. 6, 2023); *Assad v. United States Citizenship & Immigr. Servs.*, 2024 WL 4580385, at *6 (C.D. Cal. Oct. 3, 2024) ("Where there is no evidence of bad faith, the sixth factor is 'irrelevant.'" (quoting *Vaz*, 33 F.4th at 1138, n.6)). Because Plaintiff does not allege bad faith or impropriety, the court concludes the sixth *TRAC* factor is neutral.

### B. Mandamus Claim

The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "For mandamus relief, three elements must be satisfied: (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) (internal quotation marks and citation omitted). However, "[m]andamus is an extraordinary remedy," and "[e]ven if the test is met, the district court still retains the discretion to deny relief." *Id.*

Plaintiff's Mandamus claim alleges that "Defendants have willfully and unreasonably delayed and refused to perform their clear, non-discretionary duties." (Compl. ¶ 39.) Because both the APA and Mandamus claims seek the same relief and rely on Defendants' alleged unreasonable delay, *see* Section III.A, *supra*, the court finds the Mandamus claim fails for the same reasons the APA claim fails.[5] *See Shahijani v. Laitinen*, 2023 WL 6889774, at *2 (C.D. Cal. Oct. 6, 2023) ("Where, as here, a plaintiff seeks identical relief under the APA and the Mandamus Act, courts routinely elect to analyze both claims under the APA only. (citing *Vaz*, 33 F.4th at 1135)); *Castaneda v. Garland*, 562 F. Supp. 3d 545, 561 (C.D. Cal. 2021) (same).

[5] "To the extent Plaintiff asks the [c]ourt to order USCIS to comply with the [S]ection 1158(d)(5)(A)(ii) and (iii) timeframes, this claim is barred by [S]ection 1158(d)(7)'s preclusion of a private right of action to enforce those sections." *Yilmaz*, 697 F. Supp. 3d at 958 (citations omitted).

**C. Due Process Claim**

The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause was intended to prevent government officials from abusing their power, or employing it as an instrument of oppression." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (internal quotation marks and citations omitted). The "touchstone" of due process is protecting people against arbitrary government action, whether from "denial of fundamental procedural fairness, or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective." *Id.* at 845-46. "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994).

The court finds that Plaintiff's due process claim fails because "the government's delay in scheduling or conducting immigration proceedings does not violate due process." *Yilmaz*, 697 F. Supp. 3d at 961 (internal quotation marks and citation omitted). "A plaintiff whose asylum application is not promptly adjudicated 'has not suffered a cognizable deprivation of rights because the plain language of § 1158(d)(7) expressly disclaims any substantive or procedural rights under the statute.'" *Id.* at 961-62 (quoting *Varol*, 420 F. Supp. 3d at 1099). Moreover, courts routinely reject due process challenges to delays in adjudicating asylum applications. *Varol*, 420 F. Supp. 3d at 1099 (collecting cases). Accordingly, the Motion is **GRANTED** as to Plaintiff's due process claim.

**D. Summary of the *TRAC* Factors and Leave to Amend**

In summary, the fourth *TRAC* factor strongly favors Defendants, and the first, second, third, and fifth *TRAC* factors favor Defendants, while the sixth *TRAC* factor is neutral. On balance, the court finds the *TRAC* factors suggest the delay in this case is reasonable, particularly given the importance of the first and fourth factors as well as how they weigh in Defendants' favor. The court concludes Plaintiff has failed to adequately allege unreasonable

delay and therefore **GRANTS** the Motion as to Plaintiff's APA, Mandamus, and due process claims.

The court finds that granting leave to amend would be futile here. Plaintiff cannot allege any additional facts to show that Defendants' delay in adjudicating her asylum application is unlawful, especially given the court's conclusion that awarding Plaintiff the relief she seeks in the Complaint would merely allow her, and future plaintiffs, to cut in line ahead of other asylum applicants. Because the court finds that no amendment consistent with the Complaint would alter the court's conclusion regarding unreasonable delay at this time, the court **DISMISSES** the Complaint **WITHOUT LEAVE TO AMEND**. *See Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022) (explaining amendment is futile when "it is clear . . . that the complaint could not be saved by any amendment"); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (stating a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"). This dismissal, however, is **WITHOUT PREJUDICE** should later circumstances demonstrate an unreasonable delay.

## IV. Disposition

For the reasons stated above, the court **GRANTS** the Motion. Plaintiff's claims are **DISMISSED WITHOUT LEAVE TO AMEND** and **WITHOUT PREJUDICE**.